IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KURT and MARY MEYER, | ) | No. 09 B 20268 |
| | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON COAKLEY'S OBJECTION TO PLAN**

The Debtors, Kurt and Mary Meyer, filed this Chapter 13 case on June 3, 2009. Among the creditors in this case are Joseph and Martha Coakley, who hold a junior mortgage in the Debtors' residence. The mortgage is subordinate to a first mortgage in favor of EMC Mortgage Corporation and a tax lien in favor of the Internal Revenue Service. On October 6, 2009, the Debtors filed a Modified Chapter 13 Plan that contains the following provision specifically dealing with the claim of Joseph and Martha Coakley: "The claim of Joseph and Martha Coakley, secured by a mortgage in the Debtors' residence, is wholly unsecured and will be paid as a general unsecured claim under Paragraph E.8 [the provision providing for payment of a 10% dividend to unsecured creditors]."

Joseph and Martha Coakley filed an objection to the Plan. All parties stipulated that their objection could be addressed without filing of an adversary proceeding as might otherwise be required if the Coakleys had not voluntarily yielded to jurisdiction herein by filing their objection. See In re Forrest, 410 B.R. 816, 818-19 (Bankr. N.D. Ill. 2009). This contested proceeding was set for trial, but neither the Coakleys nor any attorney on their behalf appeared. Therefore, the only evidence presented was on behalf of the Debtors. Pursuant thereto, the following Findings of Fact are made and Conclusions of Law will be entered:

## Findings of Fact

1. The Debtors, Kurt and Mary Meyer, filed this Chapter 13 case on June 3, 2009. They own their home at 11046 W. 167th Place, Orland Park, Illinois, as joint tenants, and scheduled the value of their residence at $410,000.00. The home is subject to a first mortgage in favor of EMC Mortgage Corporation; a tax lien in favor of the Internal Revenue Service, and a junior mortgage in favor of Joseph and Martha Coakley. The Debtors listed the holder of the first mortgage as LaSalle Bank N.A., but the mortgage is now held by EMC Mortgage Corporation.

2. The Debtors were debtors in a prior Chapter 13, filed in this District as Case No. 08 B 02217, on January 31, 2008, which was dismissed on May 4, 2009. On June 24, 2009, an order in the present case was entered extending the automatic stay as to all creditors, pursuant to Section 362(c)(3)(B).

3. The Debtors scheduled the LaSalle Bank (now EMC Mortgage Corporation) secured claim in the amount of $327,000.00; the Internal Revenue Service secured claim in the amount of $83,000.00; and the Joseph and Martha Coakley claim in the amount of $42,500.00.

4. On June 25, 2009, EMC Mortgage Corporation filed a proof of claim stating a total amount due of $230,593.38, and stating an arrearage amount of $112,459.87.

5. In the Debtors' previous case, 08 B 02217, EMC Mortgage Corporation filed a proof of claim stating a total amount due of $335,004.43.

6. On September 21, 2009, the Internal Revenue Service filed a proof of claim stating a secured amount of $83,000.00, and an unsecured balance of $67,603.88.

7. On September 28, 2009, Joseph and Martha Coakley filed a proof of claim stating a secured amount of $57,659.98.

8. The EMC Mortgage Corporation secured claim is based on a mortgage recorded on April 18, 1996, with the Recorder of Deeds of Cook County, Illinois.

9. The Internal Revenue Service secured claim is based on a notice of tax lien recorded on March 14, 2007.

10. The Joseph and Martha Coakley secured claim is based on a mortgage recorded on July 23, 2007.

11. On October 6, 2009, the Debtors filed a Modified Chapter 13 Plan (the "Plan"). The Plan provides for payment by the Debtors to the Trustee of $4,120/month for four months and $4,450/month for 56 months; payment of secured claims in full and a 10% dividend to general unsecured creditors; payment of the first mortgage of $2,400month directly by the Debtors to LaSalle Bank N.A. (this provision was later changed to provide for payment to EMC Mortgage Corporation); payment of a mortgage arrearage claim to LaSalle Bank N.A. in the amount of $112,460.00 through the Trustee (this provision was also later changed to provide for payment to EMC Mortgage Corporation); and payment of a secured claim in favor of the Internal Revenue Service of $83,000.00. The Plan provides the following provision specifically dealing with the claim of Joseph and Martha Coakley: "The claim of Joseph and Martha Coakley, secured by a mortgage in the Debtors' residence, is wholly unsecured and will be paid as a general unsecured claim under Paragraph E.8 [the provision providing for payment of the 10% dividend]."

12. On December 2, 2009, notwithstanding its proof of claim filed in the amount of $230,593.38, EMC Mortgage Corporation provided a payoff statement for its mortgage, stating a total amount due of $339,857.03.

13. No party has provided any evidence to contradict the Debtors' valuation of their residence at $410,000.00. Therefore, the value of the Debtors' residence at the time of the filing of this Chapter 13 case is found to have been $410,000.00.

14. The proof of claim filed by EMC Mortgage Corporation, in the amount of $230,593.38, omitted the mortgage arrearage of $112,459.87. The amount due EMC was scheduled by the Debtors at $327,000.00. The claim amount filed by EMC Mortgage Corporation in the Debtors' prior Chapter 13, of $335,004.43, as of 2003, and its December 2, 2009 payoff statement stating an amount due of $339,857.03, supports the conclusion that the amount owed to EMC Mortgage Corporation was at least $327,000.00 at the time of the filing of this Chapter 13 case. However, this determination only binds the Coakleys and Debtors and is not intended to affect calculations to be determined in resolving the EMC objections to confirmation that are separately pending.

15. No party has provided any evidence that the Internal Revenue Service secured claim of $83,000.00 is invalid, and it is presumed valid. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(F).

16. The secured claim of EMC Mortgage Corporation, in an amount of at least $327,000.00, plus the secured claim of the Internal Revenue Service in the amount of $83,000.00, exhaust the all value and equity in the Debtors' residence, and there is no value and equity to support the secured claim of Joseph and Martha Coakley.

### Conclusions of Law

1. Jurisdiction lies under 28 U.S.C. § 1334(b) to adjudicate, approve, and enforce the Debtors' effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Coakleys' junior mortgage debt will no longer be secured. This is a core proceeding under

28 U.S.C. § 157(b)(2) (k) to determine validity of liens, and is a proceeding to value the Coakley claim under Rule 3012 Fed. R. Bankr. P.

2. The claim of EMC Mortgage Corporation, in an amount of at least $327,000.00, is secured by a first priority lien in the Debtors' residence.

3. The claim of the Internal Revenue Service, in a secured amount of $83,000.00, is secured by a second priority lien in the Debtors' residence.

4. The mortgage of Joseph and Martha Coakley in the Debtors' residence is third in priority, junior to the liens of EMC Mortgage Corporation and the Internal Revenue Service.

5. As there is no value or equity to support the third priority lien of Joseph and Martha Coakley, the Coakley claim is not a claim secured at all by a secured interest in the Debtors' principal residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtors' Chapter 13 Plan may value the collateral under Rule 3012 F. R. Bankr. P., and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by Debtors, and entry of their Discharge.

Wherefore, judgment in accord with the foregoing will separately be signed and entered.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 25th day of January 2010.